IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEAN REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:15-cv-702-GMB |
| ) | (WO – Do Not Publish) |
| WINN-DIXIE, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case arises out of an employment dispute between Plaintiff Jean Reed ("Reed") and her former employer, Defendant Winn-Dixie, Inc. ("Winn-Dixie").  Before the court is a Motion to Dismiss filed by Winn-Dixie (Doc. 13) on February 18, 2016.  After carefully considering the parties' arguments and the relevant law, the court finds that Winn-Dixie's motion is due to be GRANTED.

### I.  JURISDICTION

Jurisdiction over this matter is asserted pursuant to 28 U.S.C. §§ 1331 and 1367.  The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations to support jurisdiction and venue within the Middle District of Alabama.

### II.  FACTUAL BACKGROUND

Reed is an African-American female over the age of 40. Doc. 1.  Reed began her employment with Winn-Dixie at its Dothan, Alabama location in 1998 as a cashier, and she was later promoted to deli manager. Doc. 1.  Accepting Reed's allegations as true, Reed

was harassed by her store manager during her employment with Winn-Dixie.[1] Doc. 1. Reed reported this harassment to the human resources department on several occasions between January 2013 and November 2014, but her requests were ignored. Doc. 1. On November 12, 2014, Winn-Dixie notified Reed that she had violated a work policy.[2] Doc. 1. Reed was terminated from her employment with Winn-Dixie two days later, on November 14, 2014. Doc. 1. Reed was 52 years old at the time of her termination. Doc. 1.

Winn-Dixie maintains that it terminated Reed for poor job performance, but Reed alleges that her "record was excellent until the events leading to her illegal termination." Doc. 1. Reed claims that Winn-Dixie used poor job performance as a pretext to terminate her when the real reason for her termination was her race, age, and gender, as well as retaliation for Reed's complaints about harassment by her store manager. Doc. 1. Reed also appears to assert a state-law claim for intentional infliction of emotional distress based on the emotional distress and financial hardship she suffered as a result of her termination by Winn-Dixie. Doc. 1. However, unlike her disparate treatment and retaliation claims, Reed's complaint does not assert intentional infliction of emotional distress as a separate count or cause of action. Doc. 1.[3]

On February 18, 2016, Winn-Dixie filed a motion to dismiss Reed's claims on the basis that she failed to file a timely charge of discrimination and her claims are therefore

---

[1] Reed's complaint only alleges that she was "unduly harassed" by her store manager; she provides no further details regarding this harassment. Doc. 1.
[2] Reed's complaint does not allege the specific work policy Winn-Dixie claims she violated, how Reed violated this policy, or how she was informed of this violation. Doc. 1.
[3] That being said, Reed's complaint does make repeated reference to the emotional distress she claims to have suffered as a result of her termination by Winn-Dixie. Doc. 1.

barred from proceeding in this litigation. Doc. 13.  Reed alleges in her complaint that she filed a timely charge of discrimination "on or about May 6, 2015," but the Equal Employment Opportunity Commission ("EEOC") dismissal and notice-of-rights letter attached as an exhibit to Reed's complaint indicates that Reed's charge "was not timely filed with the EEOC" and that the EEOC closed her file as a result. Docs. 1 & 1-1.  Acknowledging the timeliness issue, Reed's opposition to Winn-Dixie's motion contends that, to the extent her charge was not timely filed, it was "due to error on the part of the EEOC." Doc. 15.  With briefing completed, Winn-Dixie's motion is now ripe for review and disposition.

### III.  STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss, the court accepts the plaintiff's allegations as true and construes the complaint liberally in the plaintiff's favor. *Kaiser v. Trofholz Technologies, Inc.*, 935 F. Supp. 2d 1286, 1290 (M.D. Ala. 2013).  Further, a district court must favor the plaintiff with all reasonable inferences from the allegations in the complaint. *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990).

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint does not state a facially plausible claim for relief if it shows only "a sheer

possibility that a defendant has acted unlawfully." *Id.* While a complaint need not contain detailed factual allegations to survive a Rule 12(b)(6) motion, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotations omitted). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me-accusation[s]" will not suffice. *Id.*

Courts are also "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In short, granting a motion to dismiss is appropriate "when it is demonstrated beyond a doubt the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Reeves v. DSI Sec. Servs.*, 331 Fed. App'x 659, 661 (11th Cir. 2009).

## IV. DISCUSSION

At this stage of the proceedings, the parties' dispute centers on whether Reed filed a timely charge of discrimination,[4] which is a "prerequisite to bringing suit until Title VII."[5] *Davis v. Polk Cnty. Sheriff's Office*, 170 Fed. App'x 598, 600 (11th Cir. 2005) (per curiam) (citing *Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001)). Based on the allegations in the complaint, the last discriminatory act on which Reed could have based her charge of discrimination was her termination by Winn-Dixie on November 14,

---

[4] Winn-Dixie also moves to dismiss Reed's complaint on the basis that it was filed pursuant to Title IX of the Education Amendments of 1972, which generally prohibits discrimination in education programs and activities receiving financial assistance, and that the allegations in Reed's complaint do not support a claim under this statute. Doc. 13. In response, Reed concedes that her complaint "clearly" does not support a Title IX claim and admits that this statute was included in her complaint due to a clerical error. Doc. 15. The court finds that Reed's complaint does not assert claims under Title IX.

[5] Claims of age discrimination under the ADEA are subject to the same procedural requirements and are evaluated under the same analytical framework as claims brought under Title VII. *See Pennington v. City of Huntsville*, 261 F.3d 1262, 1269 (11th Cir. 2001).

2014. Doc. 1.  As a result, the latest Reed could have filed her charge of discrimination with the EEOC was 180 days from November 14, 2014, or May 13, 2015. *See H&R Block E. Enterprises, Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010) ("Before suing under Title VII, a plaintiff must first exhaust her administrative remedies.  To do so, a plaintiff must file a timely charge of discrimination with the EEOC within 180 days of the last discriminatory act.") (internal citations omitted)).  Since Winn-Dixie disputes that Reed filed a timely charge of discrimination, it is Reed's burden to prove that she did. *Jordan v. City of Montgomery*, 283 Fed. App'x 766, 767 (11th Cir. 2008) ("The plaintiff has the burden of establishing that [s]he filed a timely charge of discrimination.") (citing *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982)); *Rizo v. Ala. Dep't of Human Res.*, 228 Fed. App'x 832, 836 (11th Cir. 2007).

Reed has not met her burden.  Although Reed alleges in her complaint that she timely filed a charge "on or about May 6, 2015," the EEOC dismissal and notice-of-rights letter attached to her complaint establish the opposite—that Reed's "charge was not timely filed" and that the EEOC closed her file as a result. Docs. 1 & 1-1.  In an effort to support her timeliness claim, Reed submitted with her opposition brief a June 25, 2015 letter from her counsel to the EEOC; a July 20, 2015 letter from the EEOC to her counsel; a United States Postal Service product and tracking information print-out; and a copy of her certified mail envelope to the EEOC.[6]  Doc. 15.  These documents, however, belie Reed's claim that

---

[6] In resolving a motion to dismiss, a court may consider documents outside the pleadings without converting the motion into one for summary judgment if the documents are (1) central to the plaintiff's claims and (2) their authenticity is not disputed. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).  In the employment context, this exception routinely includes EEOC documents. *See Chesnut v. Ethan Allen Retail, Inc.*, 971 F. Supp. 2d 1223, 1228

her EEOC charge was timely.  Her certified mail envelope to the EEOC shows a "received" stamp date of May 26, 2015, and the postal print-out indicates that Reed's certified letter was never delivered to the EEOC in Mobile (it appears to have been delivered to an address in Geneva, Alabama instead). Doc. 15.  While Reed's counsel's June 25, 2015 letter to the EEOC states that Reed mailed her charge to the EEOC Mobile office via certified mail on May 6, 2015, and that delivery was attempted twice on May 18 and May 24, this statement is contradicted by the evidence offered with Reed's opposition brief.  Indeed, the postal print-out and the EEOC's July 20, 2015 letter to Reed's counsel confirm that no certified mail was received from Reed on March 6, 2015, and that Reed's charge of discrimination was not received by the EEOC until May 26, 2015, well beyond the statutory filing deadline. Doc. 15.

In short, Reed's conclusory allegation that her charge was timely filed is not enough to establish that it was. *See, e.g., Papasan*, 478 U.S. at 286 (explaining that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  The record demonstrates that the EEOC received Reed's charge of discrimination on May 26, 2015, almost two weeks after the 180-day filing deadline, and Reed has presented nothing to rebut this conclusion other than speculation that the EEOC mishandled her paperwork.[7] Without more, Reed cannot satisfy her burden of establishing that she has met the

---

(N.D. Ga. 2013).  In this case, the court elects to consider the documents submitted by Reed without converting Winn-Dixie's motion into one for summary judgment because the documents are central to Reed's claims and their authenticity is not disputed by either party.

[7] "It is the law in this Circuit that 'when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.'" *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) (quoting *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007)).

administrative prerequisites to bringing her disparate treatment and retaliation claims, and these claims (Counts I and II) are DISMISSED WITH PREJUDICE as a result.

Finally, to the extent Reed alleges a state-law claim for intentional infliction of emotional distress, the court has supplemental subject-matter jurisdiction over this claim pursuant to 28 U.S.C. § 1367.  Section 1367(c)(3) provides that a "district court may decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction."  Because the federal claims over which the court had original jurisdiction have been resolved against Reed, the court declines to exercise its supplemental jurisdiction over her remaining state-law claim, and this claim is instead DISMISSED WITHOUT PREJUDICE. *See* 28 U.S.C. § 1367(c)(3); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088−89 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").  This dismissal should not work to Reed's disadvantage if she chooses to bring this claim in state court because the statute of limitations for this claim is tolled during the pendency of this action. *See* 28 U.S.C. § 1367(d).

## V.  CONCLUSION

Accordingly, for the reasons set forth herein, it is ORDERED as follows:

1.     Defendant Winn-Dixie, Inc.'s Motion to Dismiss (Doc. 13) is GRANTED;

2.     Plaintiff Jean Reed's disparate impact and retaliation claims (Counts I and II, respectively) are DISMISSED WITH PREJUDICE; and

3.     Plaintiff Jean Reed's intentional infliction of emotional distress claim is DISMISSED WITHOUT PREJUDICE.

A final judgment will be entered separately.

DONE this 21st day of March, 2016.

                                        /s/ Gray M. Borden
                             UNITED STATES MAGISTRATE JUDGE